UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 15-127-HRW

CASSAUNDRA ALCORN,                                                    PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits, alleging disability beginning on May 31, 2009, due to due to numerous impairments, including carpal tunnel syndrome, depression, migraines, memory problems, back pain, shoulder pain, knee pain, neck pain, diabetes, restless leg syndrome, chronic obstructive pulmonary disease (COPD), sleep apnea, high blood pressure, high cholesterol, and acid reflux (Tr. 252). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an

administrative hearing was conducted by Administrative Law Judge Ronald Kayser (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jackie B. Rogers, Ph.D., a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 28-38). Plaintiff was 49 years old at the time of the hearing decision. She completed high school and obtained a cosmetologists certificate. Her past relevant work experience consists of work as a cashier, bus monitor and certified nurse's assistant (Tr. 87-89).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 30).

2

The ALJ then determined, at Step 2, that Plaintiff suffers from COPD, diabetes, sleep apnea, carpal tunnel syndrome, morbid obesity, degenerative disc disease in her lumbar spine, osteoarthritis, and fibromyalgia , which he found to be "severe" within the meaning of the Regulations (Tr. 30).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 32).

The ALJ further found that Plaintiff could perform her past relevant work as a cashier (Tr. 36) and went on to find that she has the residual functional capacity ("RFC") to perform light work within certain parameters (Tr. 32). Specifically, the ALJ found that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk six hours total in an eight-hour workday; sit for six hours in an eight-hour workday; frequently (rather than constantly) perform gross manipulation; occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl; and should avoid temperature extremes, vibration, humidity, hazardous machinery, heights, and concentrated exposure to pulmonary irritants (Tr. 32).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 37).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not adequately consider her fibromyalgia under SSR 12-2p , (2) ALJ did not give proper weight to the opinion of a treating source, (3) the ALJ failed to consider Plaintiff's subjective complaints and (4) the RFC is not supported by substantial evidence.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not adequately consider her fibromyalgia under SSR 12-2p. Specifically, she contends that the ALJ did not acknowledge or follow SSR 12-2p in evaluating her fibromyalgia.

Social Security Ruling 12–2p provides guidance on how to establish that a claimant has a medically determinable impairment (MDI) of fibromyalgia (FM). SSR 12–2p, 2012 WL 3104869. Although the ALJ did not specifically refer to SSR 12-2p, at step two of the five-step evaluation process, the ALJ made a specific finding that Plaintiff had a severe impairment of fibromyalgia. The ALJ also mentioned Plaintiff's fibromyalgia throughout the decision (Tr. 30, 33, 34), and limited Plaintiff to a reduced range of light work to accommodate the limiting effects of her fibromyalgia and other impairments (Tr. 32). Notably, Plaintiff does not argue that any specific additional limitations resulted from her fibromyalgia (*see* Pl.'s Br. at 2-7). Rather, her argument amounts to a claim that her fibromyalgia in and of itself was disabling. But a diagnosis of fibromyalgia alone is *not* disabling. *See Stankoski v. Astrue*, No. 12-4227, 2013 WL 4045974, at *4 (6th Cir. Aug. 12, 2013) (unpublished) ("But a diagnosis of fibromyalgia does not equate to a finding of disability or an entitlement to benefits." (citation omitted)); *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 805 (6th Cir. 2008) (unpublished) ("[A] diagnosis of fibromyalgia does not automatically entitle Vance to disability benefits . . . ."). Rather, the relevant question is what functional limitations stem from an impairment. 20 C.F.R. § 404.1545. Here, the ALJ acknowledged Plaintiff's fibromyalgia diagnosis and adequately accounted for it when he assessed a restrictive residual functional capacity assessment. SSR-12p requires nothing more.

Plaintiff's second claim of error is that ALJ did not give proper weight to the opinion of

a treating source. She had her primary health concerns treated at the Paragon Family Practice. (Tt. 359-432, 528-533 and 553-564). Her treating physician there, Dr. Kagon, opined that Plaintiff was very restricted in her abilities to do work activity. He noted that she would be limited to lifting less than 10 pounds, standing less than 2 hours in an 8-hour workday and would have to alternate sitting / standing every 30 minutes. (Tr. 549-552). These limitations would preclude performance of her past work as a cashier or the other jobs identified by the VE. In other words, Plaintiff asserts that had the ALJ given controlling weight to the opinion of Dr. Kagon, he would not have concluded that she was capable of performing light level work.

In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere. Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. See SSR 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004). If the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other

relevant factors. *Id.*

There is an additional procedural requirement associated with the treating physician rule; he ALJ must provide "good reasons" for discounting treating physicians' opinions, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, at *5.

The ALJ found that Dr. Kagon's opinion was inconsistent with the clinical findings of record, the treatment notes from Paragon family practice documenting "relatively minor findings," and the cervical and lumbar imaging studies showing only mild findings (Tr. 35-36, *see* Tr. 444 (lumbar spine x-ray showing mild degeneration); 454 (nerve conduction study showing mild cervical spine root irritation); 462 ( largely normal examination findings aside from some tenderness and tender points)). Additionally, the ALJ noted that this opinion was completed on the same day that Plaintiff presented to Paragon Family Practice to "discuss disability" (Tr. 560) and appeared to be based largely on her subjective complaints, which, as discussed *infra*, the ALJ reasonably rejected (Tr. 36).

The ALJ also considered the three other medical source opinions of record. As such, while Plaintiff challenges the ALJ's rejection of the Paragon Family Practice treating physician's opinion, the ALJ's decision makes clear that he considered all of the treatment and other evidence of record, reasonably rejected the treating physician's extreme opinion, and instead found that Plaintiff could perform a reduced range of light work. This survives scrutiny upon review. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012)

(unpublished) ("So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive [judicial] review.").

Plaintiff also contends that the ALJ failed to consider Plaintiff's subjective complaints. Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ found Plaintiff's testimony and other statements regarding the intensity, persistence and limiting effects of her symptoms"not entirely credible." (Tr. 35). Specifically, the ALJ noted that Plaintiff's impairments were treated conservatively, including carpal tunnel release surgery, epidural injections, and physical therapy (Tr. 33 & n. 2, 4, 5, 6, 7; Tr. 34). *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (stating an ALJ must consider the type of treatment); *Gronda v. Sec'y of Health & Human Servs.*, 856 F.2d 36, 39 (6th Cir. 1988) (Commissioner properly compared a claimant's "subjective allegations of pain" with "his underlying condition"). The ALJ also noted that Plaintiff's activities of daily living showed that she was less limited than she alleged, including that she drove, prepared simple meals, performed some housework, visited with family members and relatives, cared for pets, spent time with her grandchildren, went to church, went out to eat, and attended to most of her personal needs (Tr. 263-264, 292-299 and 309-313).

Given the lack of supporting evidence, the Court finds the ALJ's assessment of Plaintiff's subjective complaints of pain to be appropriate.

Finally, as for the RFC, The responsibility for determining a claimant's residual functional capacity is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1545.3 The ALJ considers numerous factors in constructing a claimant's residual functional capacity, including the medical evidence, the non-medical evidence, and the claimant's credibility. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (unpublished). In making this determination, the ALJ is required to resolve conflicts in the evidence and incorporate only those limitations that he finds credible in the residual functional capacity assessment. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-1235 (6th Cir. 1993). Where there are conflicts regarding the evidence, the ALJ's findings of credibility are entitled to great deference. *See Anthony v. Astrue*, 266 F. App'x 451, 460 (6th Cir. 2008) (unpublished) (citing *King v. Heckler*, 742 F.2d 968, 974-75 (6th Cir. 1984)).

In assessing Plaintiff's residual functional capacity, the ALJ considered all of the evidence, including Plaintiff's claims of disabling limitations and, in addition, provided a thorough analysis of the medical evidence. After considering all of that evidence, however, the ALJ reasonably found that the record as a whole did not support Plaintiff's claims that her impairments were disabling (Tr. 34-35).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED.** A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 19th day of September, 2016.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge